## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### BROWARD DIVISION

| | |
|---|---|
| IN RE: | Case No.: 08-17980-BKC-AJC |
| **TRAFFORD DISTRIBUTING CENTER, INC.** a/k/a Trafford Distribution Center, Inc., | Chapter 7 |
| Debtor./ | |
| **BARBARA WORTLEY; RICHARD I. CLARK, AS TRUSTEE FOR JOSEPH M. WORTLEY TRUST d/b/a X CO. FACTORING CORP.; LIBERTY PROPERTIES AT TRAFFORD, LLC; LIBERTY ASSOCIATES, LC; and ADVANCED VEHICLE SYSTEMS, LLC** | |
| Plaintiffs, | |
| v. | Adv. Case No.: 11-01991-RBR |
| **MICHAEL RICHARD BAKST and GEORGE STEVEN FENDER** | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, MICHAEL RICHARD BAKST and GEORGE STEVEN FENDER, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), move to dismiss Plaintiffs' Complaint and state:

### A.  PLAINTIFFS FAILED TO OBTAIN LEAVE TO FILE THIS ACTION.

1.     As described in the Recitation of the Facts in the Complaint, Plaintiffs' allegations against the Defendants arise out of these bankruptcy proceedings (the "Trafford Bankruptcy"). Defendant Bakst is counsel for the Trustee in the Trafford Bankruptcy.  Defendant Bakst was appointed and approved in the Bankruptcy Court as counsel for the Trustee in the Trafford

RM:7968539:1

Bankruptcy. The Plaintiffs filed a Motion to Vacate Final Judgment in the bankruptcy proceeding seeking to vacate the Final Judgment described (albeit with inaccurate characterizations) in paragraph 18 of their Complaint in this case.

2.     Despite the pending Motion to Vacate Final Judgment and this Court's jurisdiction over it, Plaintiffs filed this action.

3.     The facts alleged in the Complaint all relate to the Trafford Bankruptcy, the litigation of adversary cases therein (the "Adversary Cases"), the Final Judgment in those Adversary Cases, how they were obtained, the Motion to Vacate Final Judgment, and the alleged underlying bias by Judge Olson in entering the Final Judgments.

4.     Specifically, the Plaintiffs' Complaint herein raises allegations identical to those raised in the Motion to Vacate Final Judgment in the Trafford Bankruptcy.

5.     The Defendants did not seek leave from this Court to commence this action in state court against Defendants Bakst or Fender.

6.     The Barton Doctrine provides that "'leave of the [bankruptcy] forum must be obtained by any party wishing to institute an action in a [state] forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.'" In re National Century Financial Enterprises, Inc., 407 B.R. 895, 901 (Bankr. S.D. Ohio 2009) Heavrin v. Schilling (In re Triple S Rests., Inc.), 519 F.3d 575, 578 (6th Cir. 2008) (internal quotation marks omitted). *See also* Lawrence v. Goldberg, 563 B.R. 1265 (11th Cir. 2009). Further, the Eleventh Circuit has held that "the Barton doctrine applies to actions against officers approved by the bankruptcy court when those officers function 'as the equivalent of court appointed officers.'" Lawrence at 1269 (11th Cir. 2009), *citing* Lowenbraun v. Canary (In re Lowenbraun), 453 F.3d 314, 321 (6th Cir. 2006) (holding that the Barton Doctrine "'applies to

trustees' counsel as well as to trustees themselves'"). *See also* National Century at 901 (Bankr.S.D.Ohio 2009) ("Moreover, the rule extends to encompass acts by counsel or others performing as 'the functional equivalent of a trustee,' where they act 'at the direction of the trustee and for the purpose of administering the estate or protecting its assets.'" Id. *citing* Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1241-42 (6th Cir. 1993)).

7.     The rationale underlying the doctrine is that it "'allows bankruptcy courts to retain greater control over administration of the estate,'" National Century at 901 (Bankr.S.D.Ohio 2009), and it

> helps to ensure the proper functioning of the bankruptcy process: If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.... Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive.... Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively.

Lawrence at 1269 (11th Cir. 2009) (citations omitted).

8.     The allegations in this action clearly target alleged acts by Defendant Bakst taken in his official capacity as court appointed attorney for the Trustee, and while representing the Trustee in his official capacity, to recover, administer, and protect estate assets; alleged acts which would allegedly further his client's interests; as well as alleged acts by Defendant Fender as an attorney within the law firm of Ruden McClosky P.A., also court appointed attorney for the Trustee (although Steven Fender did not work on the Trafford Bankruptcy or any other matters before Judge Olson in any regard).  Furthermore, the Plaintiffs would not have initiated this action but for the adverse rulings against them in the Adversary Cases, and the alleged acts by

RM:7968539:1

Mr. Bakst and Mr. Fender in allegedly obtaining those rulings. As such, the allegations raised in this action clearly "arise in" and "relate to" this bankruptcy case, and are within the exclusive jurisdiction of the Bankruptcy Court.

9.    Because Plaintiffs have neither sought nor received permission from this Court to pursue this matter, this Court should dismiss the Complaint.

**B.    THE PLAINTIFFS HAVE ALLEGED CAUSES OF ACTION THAT DO NOT EXIST.**

10.    The Plaintiffs have alleged intentional torts titled as "Conspiracy to Obstruct the Due Operation of Law and Deprive Plaintiffs of their Right to a Fair Trial" and "Fraudulent Corruption of the Judicial Process."

11.    Neither one of these purported causes of action exist under the law of Florida. Plaintiffs have failed to allege any elements of either cause of action, or the satisfaction or occurrence of any of those elements.

12.    The Plaintiffs have failed to allege the existence of any duty cognizable in tort running from either of the Defendants to any of them, or the breach of any such duty. In the absence of any alleged duty or breach of such duty, Plaintiffs have no claim. Martin v. Baer, 928 F.2d 1067, 1074 (11th Cir. 1991); Dept. of Health and Rehab. Serv. v. Wright, 522 So. 2d 838, 840 (Fla. 1988) (tort requires existence and breach of duty).

13.    Rather, the Plaintiffs merely allege dissatisfaction with the Final Judgments in the Adversary Cases. Notwithstanding Plaintiffs' elaborate paranoid fantasies, and even if these falsehoods and defamations were true, they do not constitute actionable torts under Florida law.

**C.    ANY ACTIONS OF THE DEFENDANTS ARE PROTECTED BY FLORIDA'S LITIGATION PRIVILEGE.**

14.    All of the alleged wrongful acts which the Plaintiffs inaccurately speculate and

RM:7968539:1

4

allege in their Complaint arise under or are related to the Trafford Bankruptcy and the Adversary Cases.

15.    Even taking the Plaintiffs' baseless conjectures as true, which they are not, any such actions are completely protected by Florida's litigation privilege. *Echevarria McCalla Raymer Barrett & Frappier v. Cole,* 950 So. 2d 380 (Fla. 2007); *Ross v. Blank,* 958 So. 2d 437 (Fla. 4th DCA 2007). Plaintiffs' remedies, if they are entitled to any, are by a proper motion in this Court. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell v. U.S. Fire Ins. Co.,* 639 So. 2d 606 (Fla. 1994).

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint, and for such other and further relief as this Court may deem appropriate under the circumstances.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the attached service list, on this the 18th day of May, 2011.

**RUDEN McCLOSKY P.A.**

**/s Rilyn A. Carnahan**
**MICHAEL R. BAKST, Esq.**
**Florida Bar No.:  866377**
**RILYN A. CARNAHAN, Esq.**
**Florida Bar No.:  614831**
**Attorneys for Michael Bakst and Steven Fender**
**222 Lakeview Ave., Suite 800**
**West Palm Beach FL 33401**
**Telephone: (561) 838-4557**
**Facsimile: (561) 514-3423**
**Email:michael.bakst@ruden.com**
**rilyn.carnahan@ruden.com**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case.

- Michael R. Bakst    efile2565@ruden.com, efile2558@ruden.com;FL65@ecfcbis.com
- Douglas C Broeker    doug@broekerlaw.com, Jessica@broekerlaw.com
- Morris G Miller    skip.miller@ruden.com

**Manual Notice List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).

Robert A Sweetapple
165 E Boca Raton Rd
Boca Raton, FL 33428

Douglas C. Broeker
165 E Boca Raton Rd
Boca Raton, FL 33428

RM:7968539:1